UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRETT MURPHY,

    Plaintiff,

v.

NORTHERN ORION, INC., et al.,

    Defendant.

CASE NO. C04-1275JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff's Motion for Interlocutory Sale of Defendant Vessel, Its Engines, Tackle, Appurtenances, Fishing Gear, Apparel and Equipment (Dkt. #29) and Motion for Order Requiring All Claimants to Share Expenses of Arrest (Dkt. #35). Having considered all of the papers filed in connection with the motions, the court GRANTS Plaintiff's Motion for Interlocutory Sale of Vessel (Dkt. # 29) and DENIES without prejudice Plaintiff's Motion for Order Requiring Claimants to Share Expenses of Arrest (Dkt. #35).

## II. BACKGROUND

On September 27, 2002, a 500-pound crab pot struck Plaintiff Brett Murphy in the head while he worked as a crew member aboard the F/V NORTHERN ORION, a fishing vessel owned by Defendant Northern Orion, Inc. As a result of the accident, Mr. Murphy

ORDER – 1

sustained multiple injuries, including a partial severing of his ear and internal head injuries. Mr. Murphy filed suit on May 24, 2004 seeking personal injury damages, lost wages, maintenance, and cure. After discovering that the Defendants were in the process of liquidating their assets, Plaintiff filed a motion to arrest the F/V NORTHERN ORION, which this court granted. Subsequently, Defendants acknowledged that their insurance policy did not cover Plaintiff's injury. Plaintiff now seeks an interlocutory sale of the F/V NORTHERN ORION to provide a potential source of compensation for his pending personal injury claim. Defendants request that the court delay ruling on this issue until after it resolves a summary judgment motion in a separate action.[1]

Following its arrest on March 9, 2005, the F/V NORTHERN ORION became moored at the Port of Grays Harbor where it is accruing over $1,975 in custodial and insurance expenses per month. Defendants have not posted bond or otherwise attempted to secure the release of the vessel. Instead, Plaintiff has advanced funds to cover the custodial expenses. After the vessel's arrest, three parties filed statements of claims relating to the vessel: (1) Northern Orion, Inc. claiming ownership; (2) PG Alaska claiming potentially over $4 million based on a mortgage agreement secured by the vessel;[2] and (3) the Port of Grays Harbor claiming $8,637.65, plus interest, in unpaid

---

[1] Defendants refer to <u>Maring v. PG Alaska Crab Investment Co. LLC</u>, No. 2:05-CV-00326-JLR, a case where Northern Orion's president, Mr. Maring, alleges that PG Alaska Crab Investment Co. ("PG Alaska") breached a settlement agreement that resolved Maring's default on a $6 million loan. PG Alaska filed counterclaims seeking reformation, declaratory judgment, and alleging breach of contract, fraud, and misrepresentation.

[2] Northern Orion, Inc. executed a First Preferred Guaranty Vessel Mortgage on the NORTHERN ORION in PG Alaska's favor in the amount of $4,032,512.82, together with a security agreement covering the vessel, all of its machinery and equipment, its fishing rights, and all other appurtenances. However, Mr. Maring sold the fishing rights prior to the vessel's arrest for over $2 million.

ORDER – 2

moorage fees.[3] Plaintiff seeks to have all claimants, including himself, share in the expense of arrest and maintenance of the F/V NORTHERN ORION.  All three claimants oppose sharing the expenses of arrest.

### III.   DISCUSSION

**A.   Legal Standard**

Under Supplemental Admiralty Rule E(9)(b)(i), interlocutory sale of a vessel and its accompanying property is permitted where:

> (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or disproportionate; or (C) there is an unreasonable delay in securing release of the property.

To prevail, the Plaintiff need only demonstrate that one of the three criteria exists. Merchants Nat'l Bank of Mobile v. Dredge GEN. G.L. GILLESPIE, 663 F.2d 1338, 1341 (5th Cir. 1981).

Following the arrest of a vessel, the court may order all parties claiming interest in the vessel to share the custodial expenses.  Local Admiralty Rule 131(d) provides, in relevant part:

> Upon motion by any party, a judicial officer may order that security deposits or deposits for marshal's fees and expenses of custody be paid or shared by any party who has arrested, attached or garnished property, including parties claiming and intervening as provided herein, such payment or sharing to be in amounts or proportions as determined by the judicial officer.

The district court has discretion to order the allocation of the costs of custody.  Certain Underwriters at Lloyds v. Kenco Marine Terminal, Inc., 81 F.3d 871, 872-73 (9th Cir.

---

[3]The Port of Grays Harbor states that they seized the NORTHERN ORION on February 14, 2005 pursuant to RCW 53.08.320, due to the delinquent moorage payments.

ORDER – 3

1996). When a single litigant advances the cost of maintenance, the court usually requires all claimants to share in the cost. Id. at 873.

**B.    Plaintiff's Motion for Interlocutory Sale**

Although Plaintiff argues that all three criteria support interlocutory sale of the vessel, the court finds that Northern Orion Inc.'s unreasonable delay in securing the release of the vessel provides sufficient reason for its sale.[4]  Since the F/V NORTHERN ORION's arrest on March 9, 2005, Defendant has made no effort to secure the vessel's release in the last four months. Courts have found that delays of several months in securing the release of a vessel are unreasonable. E.g., Silver Star Enters., Inc. v. M/V SARAMACCA, 19 F.3d 1008, 1014 (5th Cir. 1994) (finding delay of seven months unreasonable); Ferrous Fin. Serv. Co. v. O/S ARCTIC PRODUCER, 567 F. Supp. 400, 401 (W.D. Wash. 1983) (finding delay of four months unreasonable). Defendants do not oppose Plaintiff's motion for interlocutory sale; rather they argue that the court should delay ruling until after its resolution of a summary judgment motion in a separate action, Maring v. PG Alaska Crab Inv. Co. LLC.  Yet, filing a substantive motion in the same case after a vessel arrest does not prevent a finding of unreasonable delay, let alone filing a substantive motion in a separate action. See Merchants Nat'l Bank, 663 F.2d at 1342 (vessel owners filing a substantive motion did not prevent court from finding

---

[4] Plaintiff has not presented evidence demonstrating that the vessel is in fact deteriorating beyond generally arguing that a large vessel requires routine maintenance and care. Further, Plaintiff's argument that the costs of keeping the vessel are excessive lacks support in the case law. Plaintiff argues that over $1,975 per month (or approximately $65.83 per day) in custodial and insurance expenses is excessive. Yet, the courts considering this issue have found that excessive costs generally involve larger amounts than those at issue here. E.g., Stewart & Stevenson Services, Inc. v. M/V CHRIS WAY MACMILLAN, 890 F. Supp. 552, 564 (N.D. Miss. 1995) ($150 per day); Merchants Nat'l Bank, 663 F.2d at 1342 ($17,000 per month).

ORDER – 4

unreasonable delay where vessel owners never posted bond, entered into any stipulation, or otherwise attempted to secure the release of the vessel).  Therefore, the court GRANTS Plaintiff's motion for interlocutory sale.

**C.     Plaintiff's Motion for Order Requiring All Claimants to Share Expenses of Arrest**

Under LAR 131(d), the court has discretion to allocate the costs of custody. Certain Underwriters, 81 F.3d at 872-73.  When determining cost apportionment, it is well established that all maritime claimants shall bear the burden of the administrative expenses relating to the sale of a vessel.  Donald D. Forsht Assoc., Inc. v. Transamerica ICS, Inc., 821 F.2d 1556, 1562 (11th Cir. 1987).  Courts have apportioned custodial expenses on either a per capita or proportional basis.  E.g., Certain Underwriters, 81 F.3d at 872 (affirming equal apportionment, despite the parties' difference in claim amounts); Beauregard, Inc. v. Sword Services LLC, 107 F.3d 351, 353 n.8 (5th Cir. 1997) (affirming equal apportionment, but indicating that a court may divide costs according to the relative size of each party's claim if the amounts at issue vary widely); Dedolph v. Pacatlantic Fisheries, Inc., No. C97-1738L, 2000 WL 33302239, at *4 (W.D. Wash. Nov. 17, 2000) (apportioning costs proportionally based on separate claims of $26,000 and over $1 million).  Of the four parties before the court with an interest in the vessel, only the Port of Grays Harbor specified the amount of their claim.  At this stage in the litigation, the value of each party's claim is unclear.  Thus, the court DENIES Plaintiff's motion to apportion costs without prejudice and directs an immediate sale of the vessel to reduce the custodial expenses being accrued daily.

ORDER – 5

## IV. CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's Motion for Interlocutory Sale of Vessel (Dkt. # 29) and DENIES without prejudice Plaintiff's Motion for Order Requiring Claimants to Share Expenses of Arrest (Dkt. #35).

Dated this 22nd day of July, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 6